UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| RANDY STRANGE | ) | |
| | ) | |
|     *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:08-cv-435 |
| | ) | *Phillips* |
| | ) | |
| DAVID MILLS, Warden | ) | |
| | ) | |
|     *Respondent*. | ) | |

## MEMORANDUM OPINION

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent; petitioner has not filed a response to the dispositive motion. For the following reasons, the motion to dismiss [Court File No. 8] will be **GRANTED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

Petitioner Randy Strange ("Strange") challenges his 1990 Jefferson County, Tennessee, convictions for especially aggravated burglary, aggravated rape, and especially aggravated robbery; his petition was filed on October 27, 2008. The Attorney General moves to dismiss the habeas corpus petition as untimely.

Strange was sentenced to eight years for the especially aggravated burglary, 25 years for the aggravated rape, and 25 years for the especially aggravated robbery; the latter two sentences were ordered to be served consecutively, for an effective sentence of 50 years. On direct appeal, Strange challenged his sentence as excessive; the Tennessee Court of Criminal Appeals upheld the validity of the sentence. *State v. Strange*, No. 94, 1991 WL 51408 (Tenn. Crim. App. April 11, 1991), *perm. app. denied, id.* (Tenn. Sept. 9, 1991). Strange did not file a timely petition for post-conviction relief.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. As a result of the AEDPA, however, state prisoners now have one year in which to file a §2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date the petitioner's appeals were final. *Id*. § 2244(d)(2). Because Strange's sentence was imposed prior to the AEDPA, the time for filing a § 2254 motion in his case expired April 24, 1997, which was one year from the effective date of the AEDPA. *Carey v. Saffold*, 536 U.S. 214, 217 (2002).

In his habeas petition, Strange acknowledges that his petition was filed after the expiration of the statute of limitation, but states that he was not aware of the statute of limitation and did not know until 2005 of his right to seek relief in this court.

The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. at 1008. However, "[t]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citation omitted).

Strange has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). *See also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) ("To be entitled

3

to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.").

As noted, Strange claims that he was not aware of his right to file a federal habeas petition nor was he aware of the statute of limitation. "It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). *See also Harrison v. I.M.S.*, 56 Fed. Appx. 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 Fed. Appx. 495, 497, 2002 WL 31164208 *2 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."). Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to dismiss will be **GRANTED**, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** Strange leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips<br>
United States District Judge

5

Case 3:08-cv-00435-TWP-HBG   Document 15   Filed 04/16/09   Page 5 of 5   PageID #: 133